IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD OWEN STILLWAGON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-790 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 15th day of March, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have

```
decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700,
705 (3d Cir. 1981)).¹
```

---

¹
    Plaintiff's argument relies heavily upon documents attached to his Complaint (Doc. No. 3) that were not considered by the Administrative Law Judge ("ALJ") in issuing his April 28, 2008 opinion, or by the Appeals Council, in its March 19, 2009 decision to deny review. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here.

    However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if he had, the Court would deny the request because Plaintiff has failed to meet his burden.

    The information contained in the material attached to Plaintiff's Complaint includes a June 5, 2009 letter from Dr. Brian P. Mudry, D.O., to Plaintiff's counsel, and April 30, 2009 treatment notes from Dr. Mudry. The letter mostly reiterates (and in large part restates verbatim) opinions set forth by Dr. Mudry in a January 14, 2008 letter to Plaintiff's representative that was part of the record and considered by the ALJ. The two letters both discuss Plaintiff's chronic neck pain, low back pain, and right knee pain. Most of the June 2009 letter, therefore, is cumulative of what is in the record. The only material in the recent letter that is arguably new is mention of "debilitating headaches," and the recent implantation of a spinal cord stimulator in Plaintiff's cervical spine and the results of this treatment. The April 30, 2009 treatment notes contain the same new information.

    Nonetheless, even if this information is new, it is not material. "An implicit materiality
(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                    s/Alan N. Bloch
                                                    United States District Judge

ecf:       Counsel of record

---

[1](...continued)
requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." Szubak, 745 F.2d at 833. See also Wilson v. Halter, No. Civ. A 00-468, 2001 WL 410542, at *4 (E.D. Pa. Apr. 18, 2001). As noted, the ALJ's decision in this case was issued on April 28, 2008. The information attached to Plaintiff's Complaint is from over a year later. There is no indication in the letter or in the notes that Dr. Mudry's opinion relates back to the time period at issue in this case. To the contrary, the June 5, 2009 opinion and April 30, 2009 treatment notes rely very specifically on facts not mentioned in the opinion which Dr. Mudry provided just a few months before the ALJ's decision. In fact, both documents indicate that the spinal cord stimulator was implanted "recently." It is also noteworthy that the June 2009 letter contains a stronger opinion regarding Plaintiff's inability to work. In the January 14, 2008 letter, Dr. Mudry states that Plaintiff "at present would not be able to function in a laborious or sedentary work environment." The later letter provides that Plaintiff "at present would not be able to engage in any substantial gainful activity." The difference in this language further implies a deterioration between January of 2008 and June of 2009. The material attached to Plaintiff's Complaint, therefore, does not relate to the time period addressed by the ALJ and is, therefore, immaterial to the ALJ's decision. To the extent that the information suggests a subsequent deterioration of Plaintiff's condition, he can, of course, file a new application for benefits.

       Indeed, the final factor, whether Plaintiff has demonstrated good cause for not having incorporated the new evidence into the administrative record, further demonstrates that a new evidence remand is not warranted. To the extent that the June 2009 letter was meant to relate back to the applicable time period, there would be no good cause for waiting until well after the record had closed to obtain Dr. Mudry's opinion. However, as noted, Plaintiff's representative did, indeed, obtain an opinion from Dr. Mudry a relatively short time before the ALJ's decision in this case, an opinion that did not contain the new information contained in the June 5, 2009 letter and April 30, 2009 treatment notes. This implies that the reason that the information in the June 2009 letter and April 2009 treatment notes that was not included in the January 2008 letter was not part of the record was not due to Plaintiff's failure to obtain this information, but rather, because it pertained to a time period after the relevant period in this case.

       Accordingly, a new evidence remand is not warranted.